UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHELLE ZAHN,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 17-5562 |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br>    Defendant | SECTION: "E" |

## ORDER AND REASONS

Before the Court is State Farm Mutual Automobile Insurance Company's ("State Farm") motion to dismiss Plaintiff Michelle Zahn's claims pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 20.[1] The motion is opposed.[2] For the following reasons, the motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2016, Plaintiff was involved in an automobile accident with Hannah McAllister.[3] At the time of the accident, McAllister was operating her automobile while under the influence of alcohol.[4] Plaintiff was traveling southbound on North Florida Street when McAllister, who was traveling northbound on North Florida Street, left her lane of travel, entering Plaintiff's lane and striking her.[5] Nine days after the first accident, on April 5, 2016, Plaintiff was again involved in a car accident, this time with Nicholas Smith.[6] In this accident, Plaintiff was a passenger in a Ford F-150 that was stopped at a

---

[1] R. Doc. 10.
[2] R. Doc. 13.
[3] R. Doc. 9 at ¶ 4.
[4] *Id.* at ¶ 11.
[5] *Id.* at ¶¶ 9–12.
[6] *Id.* at ¶ 5.

stop sign when Smith "entered the intersection . . . while presented with a red traffic control signal light and without yielding to vehicles in that intersection."[7] "When Mr. Smith entered the intersection, he struck a vehicle proceeding through the intersection from US 190 South Service Road, and pushed that vehicle into the stationary vehicle carrying [Plaintiff]."[8]

> As a result of the two accidents, Plaintiff
>
> sustained serious bodily injuries to her body and mind including, without limitation, spinal injuries with related symptoms in her extremities a closed head injury; together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; permanent disability and impairment; and past and future loss of income.[9]

Although Plaintiff settled her claims against McAllister, Smith, and their respective liability insurers for the aggregate sum of $23,467.60,[10] Plaintiff alleges that her "actual damages for each accident exceed those limits by more than $75,000 each."[11]

"With both of the underlying liability claims resolved for the limits of available coverage,"[12] Plaintiff filed suit against her insurance carrier, State Farm, on June 5, 2017, pursuing the balance of her damage from both accidents as well as exemplary damages. She submitted this Court has subject matter jurisdiction over her claims pursuant to 28 U.S.C. § 1332.[13] On August 15, 2017, State Farm filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 20.[14] In support of its

---

[7] *Id.* at ¶¶ 14, 16.
[8] *Id.* at ¶ 16.
[9] *Id.* at ¶ 18.
[10] *Id.* at ¶ 20. "Specifically, Ms. McAllister had only $15,000 in liability coverage available per claimant. Mr. Smith had only $30,000 in total liability coverage per occurrence, which was split between numerous claimants." *Id.* Neither McAllister nor Smith are parties to this case.
[11] *Id.* at ¶ 21.
[12] *Id.* at ¶ 1.
[13] *Id.* at ¶ 6.
[14] R. Doc. 10.

motion, State Farm argues: (1) Plaintiff's claims must be severed, (2) Plaintiff failed to plead facts sufficient to establish she is entitled to exemplary and punitive damages, and (3) Plaintiff has not alleged facts sufficient to establish the amount in controversy in this case exceeds $75,000.[15]

Since filing its motion to dismiss, State Farm has withdrawn its motion with respect to severability,[16] and Plaintiff has admitted that State Farm's exclusion in its policy for punitive and exemplary damages require dismissal of those claims.[17] Thus, the only remaining issue before the Court with respect to Defendants' motion to dismiss is whether Plaintiff has alleged facts sufficient to support her assertion that her damages exceed $75,000 in this case by a preponderance of the evidence.

Because the amount in controversy was not apparent from the face of Plaintiff's complaint, the Court ordered Plaintiff to file a supplemental memorandum in opposition to Defendant's motion to dismiss as it relates to the amount in controversy.[18] On October 20, 2017, Plaintiff filed a supplemental memorandum, attaching various medical bills, diagnoses, and a surgical referral.[19]

## STANDARD OF LAW

Pursuant to 28 U.S.C. § 1332, the United States district courts possess subject matter jurisdiction over actions involving citizens of different states when the amount in controversy exceeds $75,000.[20] For a federal court to decline jurisdiction, it must appear

---

[15] *Id.*
[16] R. Doc. 17 at 5.
[17] R. Docs. 13 at 2, 17 at 5.
[18] R. Doc. 18.
[19] R. Doc. 23.
[20] 28 U.S.C. § 1332.

to a "legal certainty" that a claim is really for less than the jurisdictional amount.[21] The party asserting federal jurisdiction bears the burden of proof.[22] "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[23] When a defendant "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings," the Court may consider "matters outside the pleadings."[24] "[I]n cases in which a single plaintiff seeks to aggregate two or more of [her] own claims against a single defendant," the district court may look to the sum total of each of the plaintiff's claims against a particular defendant to determine whether the amount in controversy is met.[25]

## LAW AND ANALYSIS

Plaintiff brings her claims against State Farm in federal court based on this Court's diversity jurisdiction.[26] Title 28, section 1332 of the United States Code provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[27]

---

[21] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995); *see also Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Edinburgh v. Am. Sec. Ins. Co.*, No. 10-613, 2010 WL 3923292, at *2 (E.D. La. Sept. 28, 2010).
[22] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[23] *Id.* (quoting *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).
[24] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).
[25] *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Alberty v. Western Surety Co.*, 249 F.2d 537, 538 (10th Cir. 1957); *Nat'l Soc. Of Pub. Accountants*, 200 F.2d 897, 898 (5th Cir. 1953) ("That the claims may also be aggregated to make up the jurisdictional amount in a case such as this is too clear for comment . . . .").
[26] R. Doc. 1. ¶ 6.
[27] 28 U.S.C. § 1332(a)(1).

It is undisputed that the parties in this case are diverse. Instead, State Farm argues "Plaintiff's Original Citation and First Amended Citation are wholly inadequate in providing this Court and State Farm with allegations or evidence sufficient to determine the extent of Plaintiff's injuries, let alone whether either claim can exceed the jurisdictional minimum."[28] According to State Farm, "Plaintiff must establish that she sustained $75,000 worth of injuries as a result of the first accident and not attribute any of those damages to her second accident. While at the same time, Plaintiff must establish that after the second accident, she incurred $75,000 worth of injuries separate and distinct from the injuries she allegedly sustained in the first accident."[29]

In opposition, Plaintiff contends she may aggregate her claims against State Farm to meet the requisite the amount in controversy in this case.[30] Since filing her compliant, Plaintiff has provided the Court with several medical bills, diagnoses, and a surgical referral.[31] According to Plaintiff, since the accident, she has incurred over $40,000.00 in medical bills,[32] and she has not yet received bills from several other healthcare providers.[33] Finally, Plaintiff has submitted evidence of her diagnosis, along with a recommendation from her physician that she undergo "a single-level anterior lumbar discectomy and interbody fusion."[34]

In support of her argument that these injuries establish the requisite amount in controversy exists in this case, Plaintiff points to *Jones v. Harris*, a case in which a jury

---

[28] R. Doc. 10-1 at 4.
[29] R. Doc. 10-1 at 4.
[30] R. Doc. 13 at 8–9.
[31] R. Doc. 23.
[32] *Id.* at 1.
[33] *Id.* (listing "Southern Pain and Neurological, Lakeview Surgical Specialists, Cypress Pointe Surgical Hospital, Summit Anesthesia, Inc., Jefferson Ambulatory Surgical Center, and Cypress Pointe Pain Management").
[34] *Id.* at 23.

awarded the plaintiff $500,000.00 in general damages for a lumbar spine injury at L5-S1 following a car accident,[35] and *Walters v. Shelter Mutual Ins. Co.*, a case in which a jury awarded $300,000 to a plaintiff who sustained herniated discs at L4-5 and L5-S1 for which surgery was recommended but not performed.[36]

The Court notes it may properly consider these documents to determine whether jurisdiction exists in this case,[37] and that Plaintiff's damage allegations may be considered in the aggregate.[38] To date, Plaintiff has incurred $43,153.96 in medical bills, with six healthcare providers yet to bill her for her past medical expenses. Plaintiff also submits she intends to undergo the recommended back surgery, for which juries in similar cases have awarded well over the necessary $75,000 amount in controversy. Thus, even deducting the $23,467.60 Plaintiff received from McAllister and Smith, based on the evidence Plaintiff submitted with respect to the amount in controversy, the Court finds Plaintiff has shown the requisite amount is met in this case by a preponderance of the evidence.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Defendants' motion to dismiss for lack of jurisdiction is **DENIED**.

**New Orleans, Louisiana, this 26th day of October, 2017.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[35] 2004-0965 (La. App. 4 Cir. 2005), 896 So.2d 237.
[36] 07-257 (La. App. 3d 5/30/07), 958 So. 2d 157.
[37] *Ramming*, 281 F.3d at 161; *Menchaca*, 613 F.2d at 511.
[38] *Snyder*, 394 U.S. at 335; *Alberty*, 249 F.2d at 538.